UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>William J. Carey</u>

    v.                              Civil No. 05-293-JD

<u>Steven Olson, Michael Boufford,</u>
<u>and Peter Bartlett</u>


O R D E R

William J. Carey, proceeding pro se, alleged claims of malicious prosecution in violation of the Fourth Amendment, under 42 U.S.C. § 1983, against Manchester Police Detective Steven Olson, Sergeant Peter Bartlett, and Officer Michael Boufford. Carey's claims arise from his arrest and prosecution on charges of stalking and attempting to violate a stalking order. Carey's claim against Detective Olson and his claim against Officer Boufford, arising out of case number 03-S-1078, were previously dismissed. Detective Bartlett and Officer Boufford move for summary judgment on the remaining claims. Carey failed to file a response to their motion.


<u>Standard of Review</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Because Carey did not file a response to the defendants' motion for summary judgment, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted."  LR 7.2(b)(2).  Nevertheless, an unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56.  See Carmona v. Toledo, 215 F.3d 124, 134 n.9  (1st Cir. 2000).

Background

Kristi Eglody was acquainted with William Carey when she lived in New Hampshire in the early 1990s. Officer Michael Boufford states in his affidavit that he was contacted in 1993 by Kristi Eglody who complained that William Carey was repeatedly contacting her and that she did not want him to do that. Boufford met with Carey and told him to stop contacting Eglody. Eglody moved from New Hampshire to North Carolina.

In the fall of 2001, Eglody again called Boufford and reported that Carey had located her in North Carolina and was sending her unwanted packages and making hang-up calls to her at her home. Eglody sent Boufford two of the packages she had received from Carey in North Carolina that showed a return address to "Bill & Kristi Carey" at Eglody's former address in Manchester. Sergeant Peter Bartlett states in his affidavit that he received a telephone call from Kristi Eglody on February 5, 2002, in which she complained that she had been receiving packages in the mail from William Carey on a regular basis. He further states that Eglody told him that she was afraid of Carey. Carey voluntarily came to the police station and in an interview admitted that he had sent Eglody the packages and that he was obsessed with her.

On February 15, 2002, Bartlett completed an application for

3

a warrant to arrest William Carey on counts of stalking Eglody and violating a stalking order obtained by another person against Carey. The arrest warrant issued the same day. Bartlett and Boufford arrested Carey on February 20, 2002, pursuant to the warrant.

A criminal complaint was issued on February 15, 2002, charging Carey with stalking Eglody in violation of New Hampshire Revised Statutes Annotated ("RSA") § 633:3-a, II(7). The return on the complaint shows that Carey was tried and found guilty on that charge in the district court. On appeal in Hillsborough County Superior Court, case number 02-S-1213, the jury could not reach a verdict and a mistrial was declared. Carey was not retried on that charge.

## Discussion

Carey alleges a Fourth Amendment claim of malicious prosecution against Officers Boufford and Bartlett for their actions leading to his arrest and prosecution on the stalking charge in case number 02-S-1213. Boufford and Bartlett move for summary judgment on the grounds that Carey's malicious prosecution claim fails on the merits and that they are entitled to qualified immunity. As noted above, Carey has not filed a response to the defendants' motion.

Although the defendants assert qualified immunity only as a fallback from their first argument on the merits, a constitutional right to be free from malicious prosecution based on the Fourth Amendment was not clearly established in 2002 so that the defendants are entitled to qualified immunity.  See Bloomquist v. Albee, 421 F. Supp. 2d 162, 186 (D. Me. 2006) (quoting Rodriguez-Mateo v. Fuentes-Agostini, 2003 WL 21243479, 66 Fed. Appx. 212, 214 (1st Cir. 2003) (unpublished)).  Even if that were not the case, Carey's claims also fail on the merits.

Malicious prosecution in violation of the Fourth Amendment occurs, if at all, when the defendants effect an unreasonable seizure of the plaintiff "pursuant to legal process."  Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001).  When the plaintiff was arrested based upon a warrant, the arrest warrant constitutes the legal process that initiated the prosecution.  Id.  An arrest pursuant to a warrant that is supported by probable cause does not violate the Fourth Amendment.  Meehan v. Town of Plymouth, 167 F.3d 85, 89 (1st Cir. 1999).

Probable cause is "the conclusion that a crime had been committed (or was about to be committed) and that [the arrestee] likely was one of the perpetrators." " Wilson v. City of Boston, 421 F.3d 45, 55 (1st Cir. 2005) (internal quotation marks omitted).  "In sum, the existence of probable cause . . . is

5

gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified." Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997).

Under New Hampshire law, a person commits the offense of stalking if he "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety, or . . . engages in a course of conduct targeted at a specific individual, which the actor knows will place that individual in fear for his or her personal safety. RSA 633:3-a, I. Paragraph II(a) lists prohibited conduct, including "[t]hreatening the safety of the targeted person," "[f]ollowing, approaching, or confronting that person," "[p]lacing an object on the person's property, either directly or through a third person," and "[a]ny act of communication." RSA 633:3-a, II. A person is guilty of harassment if he "[m]akes a telephone call, whether or not a conversation ensues, with a purpose to annoy or alarm another, or . . . [w]ith the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose or constitutionally protected." RSA 644:4,I. Communication in these statutes means

"to impart a message by any method of transmission, including but not limited to telephone or . . . sending or having delivered any information or material by written or printed note or letter, package, mail, . . . ."  RSA 644:4,II.

The arrest warrant established ample probable cause for Carey's arrest on charges of stalking and harassment.  Bartlett's affidavit submitted in support of the application for the warrant recounted that Eglody met Carey in 1992 while they were students at University of New Hampshire, that she complained about his unwanted contacts with her then, and that Boufford told Carey not to have contact with Eglody.  The affidavit continued that beginning six months previously, approximately in the fall of 2001, Eglody contacted Boufford to complain that Carey was sending her unwanted gifts and calling her home at all hours.  On February 5, 2002, Boufford received a package from Eglody of two items addressed to her at her home in North Carolina sent from the Manchester, New Hampshire, post office in November of 2001.  Boufford spoke to Eglody by telephone and Eglody stated that she had been receiving packages on a regular basis from Carey, that she had returned many of them to him, and that the packages were frightening to her because the return address was to Eglody and Carey as a couple living at her old Manchester address.  Eglody also stated that she had had hang up calls which stopped when she

changed her answering machine.  She told Boufford that she was afraid of Carey because he had "tracked her down" after she left Manchester and that she would like to press charges against him.

Because the undisputed facts shown on the record in this case establish that probable cause existed to arrest Carey based on the arrest warrant, Boufford and Bartlett are entitled to summary judgment on Carey's malicious prosecution claim against them.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 25) is granted.  The clerk of court shall enter judgment accordingly, see also Order issued on April 21, 2006 (document no. 21), and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 21, 2006

cc:  Robert J. Meagher, Esquire
     William J. Carey, pro se