UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>William J. Carey</u>

        v.                              Civil No. 05-cv-293-JD

<u>Steven Olson, Michael Boufford,</u>
<u>and Peter Bartlett</u>


                        <u>O R D E R</u>


        Summary judgment was granted in favor of defendants Michael
Boufford and Peter Bartlett on August 21, 2006, after William J.
Carey failed to respond to their motion.  Carey then filed a
motion to reconsider, contending that he did not respond to the
defendants' motion because he did not receive a copy of it.  The
defendants' counsel certified that a copy of the motion had been
sent to Carey but also provided another copy of the motion.
Carey has now filed an objection to the motion.  The defendants
object to Carey's motion for reconsideration.


I.  <u>Motion to Reconsider</u>

        Carey cites his move from the Hillsborough County Department
of Corrections to the New Hampshire State Prison as the reason he
did not receive the motion for summary judgment and states that
he has had problems receiving mail because of the move.  The
defendants' counsel certified that he mailed a copy of the
summary judgment motion to Carey at the Hillsborough County
Department of Corrections on June 27, 2006, the date it was

filed.  Carey did not move to the state prison until August of
2006, long after the deadline for his response to the defendants'
motion.  Carey has several other cases pending in this court, and
he made filings in those cases from the Hillsborough County
Department of Corrections during July of 2006.  Carey
nevertheless maintains, under penalty of perjury, that he did not
receive a copy of the motion for summary judgment.  Although
Carey's move from Hillsborough County to the state prison does
not account for his claim that he did not receive the defendants'
motion, the court will reconsider the summary judgment in light
of Carey's objection.


II.  Summary Judgment

     Detective Peter Bartlett and Officer Michael Boufford moved
for summary judgment on Carey's claim of malicious prosecution in
violation of the Fourth Amendment, brought under 42 U.S.C. §
1983.  Carey's claim arises from his arrest and prosecution in
2002 on charges of stalking Kristi Eglody, which ended when a
jury could not reach a verdict and a mistrial was declared.  In
response to Bartlett's and Boufford's motion for summary
judgment, the court ruled that they were entitled to qualified
immunity and that Carey's claim failed on the merits.

     In his objection, Carey does not address the issue of
qualified immunity.  Instead, he focuses on the merits of his
claim, objecting to the affidavits filed by Bartlett and Boufford

because they are undated and arguing that probable cause did not support his arrest and prosecution because there was no restraining order in effect and because the gifts he sent Eglody were harmless.  Carey states that he "has already submitted documentation of Bartlett's and Boufford's longterm history of committing criminal acts, and encloses more herewith."  In support of his objection, Carey filed a copy of his criminal history record, the Superior Court return in case number 02-S-1213 showing the disposition as "Nol Pros," a Manchester Police Department report about a call from Eglody about Carey in 1993, a Manchester Police report dated "8-15-93" that Carey asserts was fabricated, a copy of an excerpt of a transcript from a court hearing, a copy of an unidentified document listing "defendant information" about Carey for docket number "02-cv-220," and a letter dated September 22, 2004, from an Assistant Merrimack County Attorney to Carey's counsel about finding evidence of things sent by Carey to Eglody.

Federal Rule of Civil Procedure 56(e) requires that affidavits "be made on personal knowledge, []set forth such facts as would be admissible in evidence, and [] show affirmatively that the affiant is competent to testify to the matters stated therein."  28 U.S.C. § 1746 provides an alternative to a sworn statement allowing an unsworn declaration "subscribed by [the declarant] as true under penalty of perjury, and dated . . . ."  If the date is not material to the information in an affidavit

submitted for summary judgment and if the affidavit otherwise
meets the requirements of Rule 56(e), it is not clear that a
sworn but undated affidavit should be stricken.  See Cordero-Soto
v. Island Fin., Inc., 418 F.3d 114, 120 (1st Cir. 2005) (undated
and unsigned affidavit lacking any basis for personal knowledge
does not comply with Rule 56(e)); Bonds v. Cox, 20 F.3d 697, 702
(6th Cir. 1994) (unsworn and undated affidavit not considered
under § 1746); Major v. Astrazeneca, Inc., 2006 WL 2640622 at *6
(N.D.N.Y. Sept. 13, 2006) (lack of notarization violated Rule
56(e) and lack of date violated § 1746).

     Even if the challenged affidavits were not considered,
however, the record includes more than sufficient evidence to
support summary judgment.  Because Carey has not addressed the
qualified immunity basis for summary judgment, that part of the
order is not subject to reconsideration.  To challenge the
alternative ground for summary judgment on the merits of his
Fourth Amendment malicious prosecution claim, Carey must show
that a material factual issue remains as to whether the
defendants arrested him without probable cause.  See Nieves v.
McSweeney, 241 F.3d 46, 53-54 (1st cir. 2001); Meehan v. town of
Plymouth, 167 F.3d 85, 89 (1st Cir. 1999).

     The record submitted with the motion for summary judgment,
even without the defendants' summary judgment affidavits,
establishes that probable cause existed to arrest Carey on
stalking and harassment charges, as is described in the court's

4

previous order.  Carey offers nothing that undermines that record.  Therefore, for the reasons given in the court's previous order, the defendants are entitled to summary judgment.

Conclusion

For the foregoing reasons, the plaintiff's motion to reconsider (document no. 28) is granted to the extent that the court has considered his objection to summary judgment.  Because Carey has not shown a material factual dispute, summary judgment was properly entered for the reasons given in the court's order of August 21, 2006.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 19, 2006

cc:  William J. Carey, pro se
     Robert J. Meagher, Esquire